IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ISAAC DONALD EVERLY, ADELA )
EVERLY, Beneficiary of the 1990 Isaac )
Donald Everly Revocable Trust, )
Amended and Restated May 28, 1998; )
and OLD BLACK CROW, INC., )
 )
        Plaintiffs, )
 )   CASE NO. 3:04-00326
 )   JUDGE WISEMAN/KNOWLES
vs. )
 )
 )
CAROLYN ANN MORGAN, )
 )
        Defendant. )

**REPORT AND RECOMMENDATION**

**I. Introduction and Background**

This matter is before the Court upon Plaintiffs' "Motion to Permit Sale of Property to Pay Debts of IDE Enterprises, LLC." Docket No. 40. Plaintiffs have filed a supporting Brief (Docket No. 41), and an approximately one-inch thick stack of Exhibits. Defendant has filed a Response in Opposition to the Motion (Docket No. 46), and a supporting Memorandum (Docket No. 47). With leave of Court (Docket Nos. 48, 50), Plaintiffs filed a Reply to Defendant's Response (Docket No. 51). Approximately four months later, Plaintiffs filed a "Supplemental Memorandum Brief in Support of Motion to Permit Sale of Real Property of IDE Enterprises, LLC." Docket No. 60.

This is a civil RICO action filed by Plaintiffs, who essentially allege that Defendant, a former employee of Plaintiff Isaac Donald Everly (hereinafter sometimes referred to as "Plaintiff

Everly" or "Everly"), and a Trustee of a Trust set up by him, wrongfully converted and/or stole funds and/or property belonging to Mr. Everly and/or the Trust.

The Amended Complaint essentially alleges as follows. *See generally* Docket No. 8. Plaintiff Isaac Donald Everly is, or was, a member of the musical duo "commonly known as 'The Everly Brothers.'" In 1991, Plaintiff Isaac Donald Everly hired Defendant as his "personal assistant." That same year, Plaintiff Everly established "The 1990 Isaac Donald Everly Revocable Trust (the "Trust"), with Defendant as the Trustee.[1] *Id.*, ¶ 3-4.

In 1984, Plaintiff Everly also set up a corporation known as Old Black Crow, Inc., a corporation solely owned by him. *Id.*, ¶ 13-14.

Prior to March 5, 1997, Plaintiff Isaac Donald Everly had used the name "IDE Enterprises" "for investment accounts of Everly, which included among other investments, rental properties located primarily in Nashville, Tennessee." On or about March 5, 1997, however, without Everly's knowledge or consent, Defendant caused "IDE Enterprises" to be organized into a limited liability company known as "IDE Enterprises, LLC." The two members of the LLC were Defendant (20%) and the Trust (80%), of which Defendant was the Trustee. *Id.*, ¶ 7. The Amended Complaint further states in pertinent part as follows:

> Defendant deceived Everly into acquiring loans which he believed was for the purpose of his acquisition of ownership of the Lake Malone Inn in Muhlenberg County, Kentucky, but which instead were used to give the LLC ownership and title of this property.
>
> Everly has always had a sentimental attraction for Muhlenberg County where the Inn is located and where he was born.

---

[1] Even though the Trust is known as "The 1990 Isaac Donald Everly Revocable Trust," the Trust document was not executed by Plaintiff Everly (as Settlor) and Defendant (as Trustee) until April 8, 1991. Docket No. 41, Ex. A.

2

>Cherished memorabilia from his career is prominently displayed at the Inn.

*Id.*

Throughout the period from March 1997 until 2003, Defendant continuously misrepresented and held out to the public and to Everly that Everly owned the Inn, which he had renamed after himself as "The Everly's Lake Malone Inn." The Inn property also included a lake that Everly named Lake Adela after his wife, Adela Everly, whom he married in 1997. *Id.*, ¶ 11.

Defendant denies the allegations relating to fraud, misrepresentation and deceit.

On May 28, 1998, Plaintiff Everly (as Grantor) and Defendant Morgan (as Trustee) executed "The 1990 Isaac Donald Everly Revocable Trust Amended and Restated This 28th day of May, 1998" (The "Amended Trust"). Docket No. 13, Ex. A. The Amended Trust amended and restated the Trust "in its entirety." *Id.* The Amended Trust essentially provided in part that, upon Grantor's death, the Trust property would go to Adela Everly. Defendant was again designated Trustee of the Amended Trust, and she was also designated as a contingent beneficiary of the Amended Trust. Because all the assets of the Trust were placed in the Amended Trust, the Trust's 80% ownership interest in the LLC was transferred to the Amended Trust.[2]

In November 2003, the Amended Trust was revoked, and the assets were distributed to Plaintiff Everly.[3] Docket No. 41, Ex. C, ¶ 5. The Amended Trust's 80% interest in the LLC

---

[2] Neither the Trust nor the Amended Trust specifically listed the assets therein.

[3] Co-Plaintiff Adela Everly is identified in the style of this action as "beneficiary of the 1990 Isaac Donald Everly Revocable Trust, Amended and Restated May 28, 1998." Docket No.

3

became the property of Isaac Donald Everly, individually. Thus, the LLC now has two members: Isaac Donald Everly (80%) and Defendant (20%).

Plaintiffs have filed a copy of the Operating Agreement of IDE Enterprises, LLC (the "OA"). *Id*., Ex. C 1. Section 3.10 of the OA essentially provides that, without the prior written consent or approval of both the members, none of the Board of Governors, the Managers, or any agent of the LLC may cause the LLC to "sell, assign or otherwise transfer all or substantially all of the Company's assets in one (1) or more related transactions."

The instant Motion avers that Defendant has unreasonably withheld her consent to allow the LLC to sell property in order to pay debts of the LLC. Although it is not entirely clear from the record, it appears that the major asset of the LLC is the Inn referred to above. It further appears that much of the debt of the LLC is owed to Plaintiff Everly.

In the instant Motion, Plaintiffs seek an order from the Court allowing Plaintiff Everly to sell any and all property titled to or owned by the LLC, to enter into contracts and incur expenses on behalf of the LLC to pay off "all loans and debts of the LLC"; allowing Plaintiff Everly to retain attorneys, real estate agents, and others for the purpose of selling the LLC's property; allowing Plaintiff Everly to oversee, administer, and make all decisions concerning the sale of such property on behalf of the LLC, providing that notice is given in writing to Defendant's counsel no later than five (5) days prior to the sale of any property with notice of the price, the

---

8. In the body of the Complaint, Adela Everly is identified as a beneficiary of "The 1990 Isaac Donald Everly Revocable Trust." Ms. Everly, however, was never a beneficiary of "The 1990 Isaac Donald Everly Revocable Trust." While she was a beneficiary of "The 1990 Isaac Donald Everly Revocable Trust Amended and Restated the 28th day of May, 1998," that Trust was revoked in November 2003, and it is unclear how Ms. Everly could still be a beneficiary of a revoked Trust.

4

property which is subject to the sale, and the identity of the buyer. Plaintiffs further seek an Order that any remaining proceeds after debts and loans have been satisfied shall be placed into an interest-bearing account and that no distributions be made to any member's capital accounts pending order of this Court or resolution of this matter. Plaintiffs also seek their attorneys' and accountants' fees, costs and expenses, incurred by Plaintiffs in the filing of the instant Motion.

Defendant argues that the Court lacks subject matter jurisdiction to grant the relief sought. Defendant argues that this is a civil RICO action and that Plaintiffs' claims for fraud are before this Court upon the doctrine of pendant jurisdiction. Defendant argues:

> This request should not be in this Court. Unless a jury finds that [defendant] is liable on the complaint, it is wrong for the Federal Court to insert itself in a dispute over the limited liability company's Operating Agreement. In addition, the Operating Agreement sets out procedures for mediation of disagreements, or even dissolution of the company. The case cited by the plaintiffs says that the Tennessee courts may grant relief. This is not a matter for the Federal Court.

Docket No. 47, p. 6-7.

## II. Analysis

As their sole authority for the instant Motion, Plaintiffs cite T.C.A. § 48-245-901 and one case that discusses it. The statute provides as follows:

> **Judicial intervention and dissolution. –** A court may grant any equitable relief it considers just and reasonable in the circumstances or may dissolve an LLC and/or direct that the dissolved entity be merged into another or new LLC or other entity on the terms and conditions the court deems equitable.

Initially, the undersigned notes that T.C.A. § 48-245-901 is part of Chapter 245 of the Tennessee Code Annotated, which is headed "Dissolution generally." Plaintiffs' Motion and Memorandum, however, say nothing about the dissolution of the LLC, which is *not* a party to

5

this lawsuit.[4]

The case cited by Plaintiffs is cited for the proposition that, "The Tennessee Court of Appeals has suggested that it has the power under § 48-245-901 to grant a significant ownership interest in an LLC to an individual who is not a formal member." Docket No. 41, p. 11, *citing Shott v. Animagic Studios, LLC*., 2004 Tenn. App. LEXIS 518 (Tenn. Ct. App. 2004). In *Shott*, plaintiff sued an LLC claiming that he was a member of the LLC and that the LLC owed him more than $27,000 in unpaid salary and commissions. The suit was filed pursuant to T.C.A. § 38-245-801, which provides that a "member or creditor" of an LLC may apply to a court "within the county in which the registered office of the LLC is situated" to have the dissolution conducted. Defendant argued that plaintiff could not maintain the action because he was neither a member nor a creditor of the LLC, and the trial court agreed. The Court of Appeals affirmed that decision, stating in pertinent part as follows:

> The term "Member" is defined [in the Tennessee Limited Liability Company Act] as a "person reflected in the required records of an

---

[4] Curiously, Plaintiffs' Reply argues, "it cannot be disputed that the LLC is *in dissolution before this Court* pursuant to the averments by both parties in this action." Docket No. 51, p. 3 (emphasis added). Plaintiffs' argument that the LLC is "in dissolution before this Court" is extremely puzzling, because, as noted, the LLC is not a party to this action. Nevertheless, in support of their argument, Plaintiffs cite Section 10.1 of the OA, which provides, according to Plaintiffs, that the LLC shall be dissolved when "it is not reasonably practical to carry on its business because (i) the members are deadlocked in the management of the LLC's affairs, (ii) the members are unable to resolve the deadlock pursuant to the OA, and (iii) irreparable injury will occur because of the deadlock." *Id.* Subsection (ii), however, actually reads "the parties are unable to break the deadlock in the manner set forth in Section 3.12 hereof . . . ." The undersigned is convinced that the reference to Section 3.12 is a typographical error in the OA itself, because Section 3.12 is headed "Right of First Refusal," whereas Section 3.13 is headed "Resolution of Deadlock Matters." Section 3.13 provides for mediation of deadlock matters, and there is nothing in the record which indicates that such mediation has ever occurred.

6

> LLC as the owner of some governance rights of a membership interest in the LLC." . . . Relying on this definition, the LLC argues that Plaintiff cannot be considered a member of the LLC because he is not reflected in the required records as an owner. Plaintiff, on the other hand, argues that the Trial Court had the power to grant any equitable relief it deemed just according to Tenn. Code Ann. § 48-245-901, and that equity demands that he be considered a member holding "not less than a 30% interest in [the LLC]."
>
> *We will assume for present purposes only that the Trial Court had the equitable power to award Plaintiff an ownership interest in the LLC, notwithstanding the fact that Plaintiff is not reflected in the required records as an owner.*

2004 Tenn. App. LEXIS 518 at *13-14 (citation and footnote omitted, emphasis added). Thus, the Court of Appeals in *Shott* did not "suggest" that it had the power under § 48-245-901 to grant a significant interest in an LLC to an individual who is not a formal member. Even if it did, however, that "suggestion" has no application to the case at bar.

In view of the foregoing, it is questionable whether T.C.A. § 48-245-901 is even applicable in this case.[5]

Even if the statute is applicable, however, it allows the Court to grant "equitable relief." *See* Docket No. 41, p. 10-11. Plaintiffs' basic argument appears to be that Plaintiff Everly thought he was purchasing the Inn individually, but that, because of the fraud of Defendant, the Inn was purchased in the name of the LLC, which was totally controlled by Defendant (20% in her individual capacity and 80% in her capacity as Trustee of the Trust). Plaintiffs further argue that the LLC (and the Inn) have continuously operated at a loss, that the LLC owes Plaintiff

---

[5] Defendant has argued that the Court lacks subject matter jurisdiction to grant the relief sought. But the Court plainly has subject matter jurisdiction over Plaintiffs' pendant state law claims. 28 U.S.C. § 1367. As the undersigned sees it, therefore, the issue is not one of subject matter jurisdiction, but of whether the state statute cited is applicable.

7

Everly approximately $560,000, and that Defendant has no legitimate cause to oppose either the sale of the Inn or the instant Motion.

As discussed above, Defendant denies the allegations that she committed fraud or deceit with regard to the Inn and/or the LLC. Moreover, it is difficult for the Court to understand how Plaintiff Everly, in the course of "acquiring loans" for the purchase of the Inn (Docket No. 8, ¶ 7) and in the actual purchase of the Inn, could have failed to realize that he was not buying the Inn individually, but, rather, that the Inn was being purchased by an LLC of which he was totally unaware.

If Defendant did not commit fraud with respect to the LLC and/or the Inn, there is no "equitable" reason why the Court should essentially void the Operating Agreement of a Limited Liability Company that is not even a party to this action. Plaintiffs complain that it is somehow unfair for Defendant not to consent to the sale of property owned by the LLC. The Operating Agreement, however, clearly gives Defendant, who is a "Member" of the LLC, the right not to have assets of the LLC sold without her approval.

In short, Plaintiffs' Motion is essentially based upon the argument that Defendant has committed fraud and that it is unfair for Plaintiffs to have to suffer for it. Unless and until Plaintiffs prove that Defendant has committed fraud, however, equity will not be served by the relief Plaintiffs seeks.

Finally, as Plaintiffs recognize, they have sought, *inter alia*, the following relief in their Amended Complaint:

> The Everlys have sought for Defendant's interest in membership in the LLC to be declared null and void, Everly to be permitted to make changes to the LLC's Operating Agreement ["the OA"] as necessary, the OA to be declared null and void, and Everly to be

declared owner of all LLC assets.

Docket No. 51, p. 2 (referring to the Amended Complaint, Docket No. 8, p. 83). In other words, Plaintiffs are attempting to obtain, in the instant Motion, a significant part of the relief they have sought in their Amended Complaint.

Thus, it appears to the undersigned that the instant Motion is essentially a Motion for Summary Judgment, albeit one filed without any appropriate Affidavits or without showing that there are no genuine issues as to any material fact and that Plaintiffs are entitled to a judgment as a matter of law.

As discussed above, Plaintiffs have filed an approximately one-inch thick stack of Exhibits with the instant Motion. That stack of Exhibits, however, contains only one document that is arguably in a form required by Fed. R. Civ. P. 56. That document is headed "Accountants' Report of Capital & Loan Account of IDE Enterprises, LLC." Docket No. 42. The document is signed by two CPA's who "certify and affirm under oath that the information herein as set forth . . . is accurate and correct to the best of [their] information, knowledge and belief." *Id*., p. 13. That Report, however, also states as follows:

> We understand that this matter is in litigation. This Report does not address the legitimacy of the LLC. Nor is it an audit of its reports, statements, or tax returns. This Report does not evaluate any property transfers to the LLC. This Report focuses exclusively on the status of the loan and capital account of the LLC under generally recognized accounting principles and practices and federal income tax law, assuming that the LLC is a legal entity operating with Ms. Morgan with a 20% member and Mr. Everly as the 80% member based upon his ownership of the Isaac Donald Everly Revocable Trust's share.

*Id*., p. 3.

Therefore, Plaintiffs have not shown that there are no genuine issues as to any material

9

fact or that they are entitled to a judgment as a matter of law.

### III. Recommendation

For the foregoing reasons, Plaintiffs' "Motion to Permit Sale of Property to Pay Debts of IDE Enterprises, LLC" (Docket No. 40) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

E. Clifton Knowles
United States Magistrate Judge